IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARREN LEE PRICE, JR., | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 22-CV-0566-GKF-SH ) |
| STEVEN HARPE, | ) ) |
| Respondent. | ) ) |

**OPINION AND ORDER**

Petitioner Darren Lee Price, Jr., a self-represented Oklahoma prisoner,[1] brings this action pursuant to 28 U.S.C. § 2254, seeking federal habeas relief from the criminal judgment entered against him in the District Court of Tulsa County, Case No. CF-2011-3734. Dkt. 1. Respondent Steven Harpe moves to dismiss the petition, alleging that Price did not file it within the one-year limitations period prescribed in 28 U.S.C. § 2244(d)(1). Dkts. 8, 9. For the following reasons, the Court grants Respondent's motion and dismisses Price's petition as barred by the applicable statute of limitations.

*BACKGROUND*

Following a trial in February 2014, a Tulsa County jury found Price guilty as to two counts of felony murder, two counts of robbery with a firearm, one count of possessing a firearm after former conviction of a felony, and one count of eluding a police officer after former conviction of two or more felonies. Dkts. 9-1, 9-3. At his sentencing hearing, the trial court dismissed both robbery convictions because the robberies served as the predicate felonies for the felony murder

---

[1] Because Price appears without counsel, the Court must liberally construe his pleadings but may not act as his advocate. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

convictions. Dkt. 9-3, at 2 n.2. As recommended by the jury, the trial court sentenced Price to life imprisonment without parole as to each murder conviction, thirty years' imprisonment as to the gun possession conviction, and fifteen years' imprisonment as to the eluding conviction, and the trial court ordered all sentences to be served consecutively. *Id.* at 1-2; Dkt. 9-2, at 66. Price filed a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"), and the OCCA affirmed his judgment on September 2, 2015. Dkt. 9-3, at 1, 10. Price filed a motion for suspended sentence on September 14, 2015, and the state district court denied the motion the next day. Dkt. 9-2, at 80. On September 15, 2015, Price "tendered for filing" a *pro se* petition for rehearing, in the OCCA. Dkt. 9-4, at 1. The OCCA rejected the petition as not properly filed on September 29, 2015, because Price did not comply with the OCCA's procedural rules. *Id.* Price did not seek further direct review of his judgment by filing a petition for certiorari in the United States Supreme Court. Dkt. 1, at 3.

Price filed four applications for postconviction relief between December 19, 2018, and April 11, 2022. Dkt. 9, at 2-3; Dkts. 9-5, 9-9, 9-11, 9-15. In his fourth application, Price claimed, for the first time, that the State of Oklahoma lacked jurisdiction to prosecute him. Dkt. 9-15, at 2. Relying primarily on the reasoning in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), Price argued that because he is an enrolled member of the Cherokee Nation and he committed murder in Indian country—specifically, within the boundaries of the Muscogee (Creek) Nation Reservation—he should have been prosecuted in federal court under the Major Crimes Act, 18 U.S.C. § 1153, not in state court. *Id.* at 2, 10-18. The state district court denied Price's fourth application for postconviction relief on October 5, 2022, and the OCCA affirmed the denial of postconviction relief on November 18, 2022. Dkts. 9-16, 9-18.

With the benefit of the prison mail box rule, Price commenced this federal habeas action

on December 21, 2022. Dkt. 1, at 15; *see* Rule 3(d), *Rules Governing Section 2254 Cases in the United States District Courts* (establishing that inmate filings are deemed filed when delivered to prison officials using the prison's legal mail system). Price claims he is in state custody in violation of his constitutional right to due process because he is Indian, and the State of Oklahoma did not have jurisdiction to prosecute him for crimes he committed in Indian country that are subject to federal prosecution under the Major Crimes Act. *Id.* at 5; Dkt. 2, at 2-8. Respondent contends the statute of limitations bars relief as to this claim. Dkts. 8, 9.

## DISCUSSION

State prisoners seeking federal habeas relief under 28 U.S.C. § 2254 have one year from the latest of four events to file a petition. 28 U.S.C. § 2244(d)(1). These events include:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). For most prisoners the one-year limitations period runs from the date the judgment became "final" under § 2244(d)(1)(A). *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). And the prisoner bears the burden of showing a different provision applies. *Id.*

A.  **The Applicable Limitations Period**

Price contends, for three reasons, that the one-year statute of limitations does not bar relief. First, he contends § 2244(d)(1)(D) applies and that his one-year limitations period commenced on

3

or about November 18, 2021, because he "used diligence" and "discovered new evidence" by obtaining "a tribal roll card for Cherokee Nation" on that date and he "began [the] appeal process shortly after" that date. Dkt. 1, at 13; *see also* Dkt. 10, at 5-6 (discussing his belated discovery of his Indian status). Second, he contends that § 2244(d)(1)(A) does not govern his limitations period because "an illegal conviction cannot be held to [a] standard of finality." Dkt. 1, at 13-14; Dkt. 10, at 3, 6. Third, he appears to contend that § 2244(d)(1)'s one-year statute of limitations does not apply at all because claims challenging the absence of subject matter jurisdiction cannot be waived and can be raised on a collateral appeal. Dkt. 2, at 4; Dkt. 10, at 5.

As Respondent argues, all three contentions lack merit. First, contrary to Price's argument, a claim alleging an absence of jurisdiction in the convicting court is not exempt from § 2244(d)(1)'s one-year statute of limitations. *See Pacheco v. Habti*, 62 F.4th 1233, 1245 (10th Cir. 2023) ("When Congress enacted the limitations period . . . it discerned no reason to provide a blanket exception for jurisdictional claims."); *Owens v. Whitten*, 637 F. Supp. 3d 1245, 1251 (N.D. Okla. 2022) ("[L]ike any other cognizable habeas claim, a claim alleging an absence of jurisdiction in the convicting court is subject to the AEDPA's one-year statute of limitations and may be dismissed as untimely."). Second, regardless of whether Price might ultimately be able to prove that he is in custody under an "illegal" judgment, the alleged illegality of a judgment does not affect the finality of that judgment for purposes of § 2244(d)(1)(A). *See Owens*, 637 F. Supp. 3d at 1251 (explaining that "no language in § 2244(d)(1)(A)—or any other provision of § 2244(d)(1)—supports that the one-year statute of limitations does not apply to judgments that are allegedly "void" for lack of jurisdiction"). Rather, the plain language of § 2244(d)(1)(A) provides that a judgment becomes final upon the conclusion of direct review or upon the expiration of the time for seeking direct review. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Third, even

4

accepting as true that Price did not discover his "Indian status" until November 2021 and that he diligently pursued his Indian country jurisdiction claim after making that discovery, that does not mean that § 2244(d)(1)(D) provides the commencement date for his limitations period. Under that provision, the limitations period "begins on the date that a reasonably diligent petitioner could have discovered the factual basis of his or her claims," not on the date that a particular petitioner discovered the factual basis of his or her claims. *Owens*, 637 F. Supp. 3d at 1252; *see Madrid v. Wilson*, 590 F. App'x 773, 776 (10th Cir. 2014) (unpublished)[2] (explaining that § 2244(d)(1)(D)'s reasonable-diligence requirement is "an 'objective standard' that refers to when a plaintiff 'could have' discovered the pertinent facts, not when she [or he] actually discovered them" (quoting *United States v. Denny*, 694 F.3d 1185, 1189 (10th Cir. 2012))). Moreover, recent case law in this circuit "make[s] clear" that "the one-year limitations period set out in § 2244(d)(1)(A), rather than the ones set out in § 2244(d)(1)(C) and/or (D), applies to *McGirt*-based challenges to the validity of state convictions." *Owens v. Whitten*, No. 22-5106, 2022 WL 179 72141, at *1 (10th Cir. Dec. 28, 2022) (unpublished).

Based on the foregoing, the Court considers only whether the petition is timely under § 2244(d)(1)(A). Applying that provision, Price's conviction became final on December 1, 2015, ninety days after the OCCA affirmed his judgment, when the time expired for him to seek further direct review. *Gonzalez*, 565 U.S. at 150; *see also* Sup. Ct. R. 13.1 (providing general rule that

---

[2] The Court cites this unpublished decision, and other unpublished decisions herein, as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

5

90-day period to file petition for writ of certiorari begins to run "after entry of the judgment").[3] His one-year limitations period began to run the next day, December 2, 2015, and, absent any tolling events, expired one year later, December 2, 2016. *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011). Section 2244(d)(1)(A) therefore bars relief as to Price's claim absent statutory or equitable tolling.

**B.     Statutory and Equitable Tolling**

Under 28 U.S.C. § 2244(d)(2), the one-year limitation period is tolled, or suspended, for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." But statutory tolling is available only as to applications that are filed within the applicable one-year limitations period. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). As just discussed, Price's one-year limitations period commenced on December 2, 2015, and expired on December 2, 2016. Price filed a motion for suspended sentence on September 14, 2015, before his limitations period began, and he filed four applications for postconviction relief between December 19, 2018, and April 11, 2022, after his one-year limitations period expired. Dkt. 9, at 2-3; Dkt. 9-2, at 80; Dkts. 9-5, 9-9, 9-11, 9-15. Even assuming each of these were properly filed, none qualifies as a tolling motion because none was filed within the applicable limitations period. The Court therefore finds that statutory tolling did not extend Price's limitations period beyond December 2, 2016.

The Court further finds that Price has not demonstrated any circumstances that support

---

[3] Supreme Court Rule 13.3 provides that the 90-day period for filing a petition for writ of certiorari begins to run from the denial of a petition for rehearing when "a petition for rehearing is timely filed" "or if the lower court appropriately entertains an untimely petition for rehearing." But, as Respondent notes, the OCCA rejected Price's pro se petition for rehearing without entertaining it, and described it only as "tendered for filing," because Price did not properly file the petition in accordance with the OCCA's procedural rules. Dkt. 9, at 2 & n.2; Dkt. 9-4. Price's 90-day period thus began to run when the OCCA affirmed his judgment.

extending his limitations period through equitable tolling. To obtain equitable tolling, Price must show that he "diligently pursue[d] his claims and . . . that the failure to timely file [a federal habeas petition] was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Price appears to seek equitable tolling by asserting that his "Indian status could not have been discovered due to [his] lack of family support to learn his heritage prior to incarceration," that his incarceration status "slowed the process of his due diligence in discovering who he is and his rights as a Cherokee Indian," and that he "demonstrated due diligence to learn that [the Major Crimes Act] applied to immediately sought relief and help from the Federal laws and statutes." Dkt. 10, at 5-6. To the extent Price suggests that his incarceration status and his lack of legal knowledge are extraordinary circumstances beyond his control, that suggestion lacks merit because "it is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh*, 223 F.3d at 1220 (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir.1999)). And, to the extent Price's assertions could be construed as suggesting that the United States Supreme Court's decision in *McGirt* created an extraordinary circumstance warranting equitable tolling for petitioners raising *McGirt*-related claims, this court has previously rejected that argument. *See, e.g.*, *Rowbotham v. Nunn*, Case No. 22-CV-0011-JFH-SH, 2022 WL 1523195, at *3 (N.D. Okla. May 13, 2022) (unpublished) ("Even accepting that *McGirt* significantly altered the understanding of the allocation of criminal jurisdiction in Oklahoma, applying equitable tolling in this situation would effectively turn the doctrine of equitable tolling into a judicially-created equitable exception to § 2244(d)(1)'s one-year statute of limitations for all Oklahoma prisoners who were purportedly tried by a state court that lacked criminal jurisdiction. This would be contrary to the well-established principle that 'equitable tolling is a rare remedy to be applied in unusual circumstances,

7

not a cure-all for an entirely common state of affairs.'" (footnote omitted) (quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007))). Because Price has not made the showings necessary to obtain equitable tolling, the Court declines to toll the limitations period for equitable reasons.

## *CONCLUSION*

Based on the foregoing, the Court concludes that the applicable statute of limitations bars Price's request for federal habeas relief. The Court therefore grants Respondent's motion and dismisses with prejudice the petition for writ of habeas corpus. And because the statute of limitations presents a plain procedural bar, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS THEREFORE ORDERED** that:

1. Respondent's motion to dismiss (Dkt. 8) is **granted**;
2. Price's petition for writ of habeas corpus (Dkt. 1) is **dismissed** with prejudice as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations;
3. a certificate of appealability is **denied**; and
4. a separate judgment shall be entered in this matter.

**DATED** this 13th day of October, 2023.

Gregory K. Frizzell
United States District Judge